*Ortiz v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

HECTOR GARCIA ORTIZ,

> *Plaintiff-Appellant*,

v.                                                          18-1617

THE CITY OF NEW YORK, POLICE OFFICER STEPHANIE HANNA, POLICE OFFICER EDWIN VAZQUEZ,

> *Defendants-Appellees*.[*]

---

| | |
|---|---|
| For Plaintiff-Appellant: | COREY T. LEE, Law Offices of Corey T. Lee, PLLC, New York, NY. |
| For Defendants-Appellees: | JOHN MOORE, Assistant Corporation Counsel (Richard Dearing, Jeremy W. Shweder, *on the brief*), *for* Zachary |

---

[*] The clerk of the Court is directed to amend the caption of this case as set forth above.

W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

In this 42 U.S.C. § 1983 action, Plaintiff-Appellant Hector Garcia Ortiz ("Ortiz") alleged claims of, *inter alia*, false arrest and excessive force against Defendants-Appellees Edwin Vazquez ("Vazquez") and Stephanie Hanna ("Hanna"), both New York City Police Department ("NYPD") officers, as well as Defendant-Appellee the City of New York under a *respondeat superior* theory. On appeal, Ortiz primarily challenges the district court's decision to set aside the jury verdict as to Ortiz's excessive force claim against Officer Vazquez and enter judgment for Officer Vazquez as a matter of law under Fed. R. Civ. P. 50(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Background

At the jury trial, Ortiz and the Defendants-Appellees presented very different pictures of what happened on June 1, 2014. Ortiz testified that he had been walking home alone when he encountered Officers Vazquez and Hanna. Ortiz further testified that after he held up his hands and shouted "what's happening" at Officer Vazquez, Officer Vazquez attacked him without warning, kicking at Ortiz's knee, sending him to the pavement, and then pushing Ortiz's face to the ground while simultaneously tightly handcuffing him. Ortiz testified that his knee, wrist, and back were all injured during the altercation. Ortiz also presented medical records showing that he sustained a fracture to his knee, which was discovered the day after the incident, and testimony

2

from his treating physician that the fracture could have been caused only by extreme force applied to the inside of the leg.

In Defendants-Appellees' telling, on the other hand, Officers Vazquez and Hanna had been in the area for an unrelated matter, and over the course of about forty minutes had encountered Ortiz several times, finding him variously slumped against buildings or collapsed on the ground. Each time the officers told Ortiz to get up and move along. Eventually, the officers realized that Ortiz was heavily intoxicated and they decided to send him to a hospital for the safety of himself and others. Ortiz began to stagger around and shout at the officers, so they handcuffed him, placed their hands on his shoulders, and brought him down to a seated position on the pavement to wait for an ambulance. The ambulance finally arrived, and the officers accompanied Ortiz to the hospital. Hospital records reflect that Ortiz was ambulatory upon admission but "intoxicated, agitated, abusive, and a danger to hospital staff." Special App'x 3.

During its deliberations, the jury submitted several questions to the district court. Among other things, the jury inquired: (1) "Can we focus on just one of three injuries (the knee) if we are less certain on other two (wrist, back) or do we need to consider together?"; and (2) "What do we do if we can't get 100 percent agreement from all jurors on all charges?" The jury ultimately returned a verdict finding for Defendants-Appellees on all claims save the excessive force claim against Officer Vazquez, which the jury determined in favor of Ortiz. The district court, believing from the split verdict that "the jury ha[d] not found [Ortiz's] version of facts to have been credible," posed an additional question to the jury in an effort to "clarify the jury's verdict." *Id.* at 11–12. The district court instructed the jury:

> We have just one brief question for you to answer. I'm going to give you another verdict form with that one question on it. It's a question you've seen before.

I should have had you answer it already, but you didn't have to because of the sequence of questions.

But let me begin by asking you to turn to page 11 of the jury charge. And I'm just going to read this to you. The heading is Additional Question.

"As you are aware, the plaintiff contends that Officer Vazquez attacked and then handcuffed him as he was walking down the street. The defendants contend that they handcuffed him after they saw Mr. Ortiz down on the pavement. If you find that one or both of the defendants unlawfully seized the plaintiff on June 1, 2014, there is an additional question you must answer: Did the defendants prove, by a preponderance of the evidence, that they handcuffed the plaintiff after the officers observed him down on the pavement on June 1, 2014?"

Now my charge only requires you to respond to that question if you had found there was an unlawful seizure. I realize I should have asked you to respond to that question even if you found there was no unlawful seizure but there was an unlawful use of force, okay? So it's the same question, the same contrasting set of facts.

*Id.* at 12–13. The jury briefly deliberated and then answered the question "Yes."

In light of the split verdict and the jury's answer to the additional question, Defendants-Appellees moved to set aside the verdict and asked that the court enter judgment as a matter of law for Officer Vazquez. The district court granted that motion, determining that Ortiz's testimony at trial "inextricably linked" his claims of unlawful seizure and excessive force, because he testified that "the altercation between him and Vazquez was so sudden and quick that any unlawful seizure and use of excessive force were simultaneous: according to his testimony, as he walked away, Vazquez grabbed him, attacked him from behind, forced him to the ground, and placed him in handcuffs." *Id.* at 17 n.5. Based on the jury's findings that there was no unlawful seizure, and that the officers had put Ortiz in handcuffs after seeing him laying on the pavement, the district court concluded that the jury had necessarily rejected Ortiz's testimony as to his sudden-and-violent-attack version of events. Accordingly, the district court determined that the jury's finding that Officer Vazquez had used excessive force was "contrary to the evidence." *Id.* at 20. It therefore directed judgment as a matter of law for Officer Vazquez.

## II. Discussion

We review *de novo* a district court's decision on a postverdict motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). *See Madeira v. Affordable Housing Foundation, Inc.*, 469 F.3d 219, 227 (2d Cir. 2006). In so doing, we apply the "same standard as the district court itself was required to apply." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). Specifically, we consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences that the jury might have drawn in its favor. *See id.* A motion for judgment as a matter of law should be granted "'[o]nly if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party].'" *Id.* (quoting *LeBlanc–Sternberg v. Fletcher*, 67 F.3d 412, 429 (2d Cir. 1995)).

Ortiz's primary argument is that the district court's decision violated the maxim that a jury is "entitled to believe some parts and disbelieve other parts of the testimony of any given witness." Appellant Br. 37 (quoting *Tolbert v. Queens College*, 242 F.3d 58, 74 (2d Cir. 2001)). Ortiz contends that the jury's split verdict, rather than suggesting that the jury entirely rejected Ortiz's testimony, merely meant that it believed some parts of his testimony and disbelieved others (and similarly, that it believed some parts of the officers' testimony and disbelieved others).

We agree with Ortiz. The Rule 50(b) standard is a stern one, and under that strict standard we cannot say that there was a "*complete* absence of evidence supporting the verdict" here. *Diesel*, 232 F.3d at 103 (emphasis added). It is true that, based on its answer to the supplemental question, the jury does seem to have accepted the officers' account of how, why, and when they handcuffed Ortiz. However, the district court went too far in determining that the jury's answer to that

5

question—and the jury's finding that no unlawful arrest had taken place—*necessarily* meant that the jury had rejected *all* of Ortiz's testimony relating to excessive force. The jury may well have disbelieved Ortiz's testimony that Officer Vazquez attacked Ortiz from behind and drove him to the ground with a kick, or thought that Ortiz was exaggerating in his description of the altercation; nonetheless, the jury may still have credited Ortiz's testimony that Officer Vazquez kicked him at some point during the encounter. The jury was entitled to credit some portions of Ortiz's testimony while disbelieving other portions. The jury could have reasonably regarded the medical evidence Ortiz presented as corroborating his testimony that he was violently kicked—in contrast to his uncorroborated and somewhat implausible account of the genesis of the encounter. As a result, the district court erred in directing judgment for Officer Vazquez on the excessive force claim, because a "reasonable jury" may have had a "legally sufficient evidentiary basis to find for [Ortiz] on that issue." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (citation omitted).

\* \* \*

For these reasons, we **REVERSE** the judgment of the district court and **REMAND** with instructions to reinstate the jury's verdict as to the excessive force claim against Vazquez.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6